[Civ. No. 9694.   First Appellate District, Division Two.—May 10, 1935.]

JOHN H. MOYNOUGH, Respondent, v. EMPRESS GOLD MINING COMPANY, LTD. (a Corporation), Appellant.

Arthur H. Barendt and Samuel J. Crawford for Appellant.

Joseph E. Reardon and Enid Childs for Respondent.

NOURSE, P. J.—Plaintiff sued to recover the balance due on an option to purchase land. The cause was tried without a jury and plaintiff had judgment against the mining company. The defendant has appealed on typewritten transcripts. The single question raised on the appeal is whether the evidence is sufficient to support the finding ''that the appellant was, as to respondent, an undisclosed principal''.

Since the finding was adverse to the appellant we must view the evidence in the light most favorable to respondent, giving him the benefit of all presumptions and all legitimate inferences which may be drawn from the evidence in support of the finding. For this reason we will disregard the conflicting testimony upon which appellant so strongly relies and will examine the record for the purpose of determining whether there is substantial evidence to justify the finding attacked.

Appellant executed a written contract with Smith and Bragg under which the latter agreed to purchase a controlling interest in the mining company, payments therefor to be made from time to time to the escrow holder—a bank in Reno, Nevada—and the mining company agreed that the first $135,000 received under the contract ''shall be expended by it in the purchase of new mining properties and/or the development of mining properties owned by it . . . '' Pursuant to this agreement Smith and Bragg, through their agent Klinker, paid to appellant something over fifty thousand dollars for which they received the agreed number of shares of treasury stock. The greater portion of this sum was expended for

labor and materials used in the development of defendant's properties; seventeen thousand dollars was paid to the respondent on account of the option herein referred to. While this contract was in force Klinker, acting for Smith and Bragg, conferred with Jacobs, the vice-president and active manager of the mining company, relative to the purchase of respondent's property adjoining the property of appellant in Grass Valley, California. Both agreed that respondent's property should be acquired by the appellant, though Jacobs objected to an outright purchase and insisted upon an option with leave to prospect and examine. This course was approved by four of the five directors of the mining company and, at the suggestion of Jacobs, Klinker made arrangements to secure the option through a third party so that the respondent should not know that appellant was the real party in interest. Klinker accordingly employed Murphy for this purpose. The latter went to Grass Valley, having first received from Jacobs instructions how to approach the respondent, and procured from respondent an option to purchase this property upon payment of $11,000 down and three instalments of $3,000 each. The option gave permission to carry on mining operations on the property for the period of one year if these payments of $3,000 were made as stipulated. The total purchase price was fixed at $100,000. Klinker paid through Murphy the first instalment of $11,000 and paid Murphy $1,000 for his services. Murphy then assigned without any consideration all his interest to the appellant, the latter accepted the assignment, took exclusive possession of the property, conducted mining operations thereon, paid the taxes and a special district assessment, paid one of the instalments due under the option, and recorded its assignment and a deed from Murphy. At a special meeting of its board of directors the appellant, by resolution, affirmed the purchase of the option and declared that the sum paid by Klinker therefor on behalf of Smith and Bragg "for all purposes shall be deemed as a cash payment of such sum for shares of treasury stock of first party" (the appellant). An instalment of $3,000 due November 5, 1932, was paid to respondent by Klinker, and Smith and Bragg were reimbursed with treasury stock of the company. The second instalment due was paid by the company while it was in possession of the prop-

erty. Before the final instalment was due the appellant endeavored to get a new contract with respondent giving a longer time within which to pay the $83,000 balance of the purchase price. When this was refused appellant defaulted on the final payment of the option price and the suit is to recover that amount.

■ The judgment must be affirmed for two reasons: First, the evidence is ample to support the finding that appellant was an undisclosed principal. All the moneys advanced by Smith and Bragg through Klinker for the purchase of the option were in fact paid by the appellant in accordance with its written contract with Smith and Bragg. They were all paid for appellant's benefit, and with its knowledge and consent. It was the active participant in securing the option, whereas Murphy was but a "dummy" working in its interest.

■ Second, there was a complete ratification by appellant of the entire transaction and a full acceptance of all the benefits resulting from it. The appellant took from Murphy without consideration an assignment and deed transferring all his interest in the option, it entered into possession and conducted mining operations on the premises, exercising all the rights of the optionee; by resolution of its board of directors it affirmed the entire transaction, and reimbursed Smith and Bragg for all the moneys advanced by them including the fee paid Murphy for his services in procuring the option; and it accepted and enjoyed for its own use all the benefits— the right to work and prospect the land to determine its value for mining purposes—a right which it had long desired to possess, but which it was unable to secure through its own efforts and in its own name.

This is wholly a "fact" case. The principles of law involved are so elementary that we can see no reason for encumbering the record with citation of authorities.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 8, 1935, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 8, 1935.